**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**GABRIEL BUITRON,
No. 96705-080,**

                    **Petitioner,**

**vs.**                                       **CIVIL NO. 13-CV-00974-DRH**

**ERIC HOLDER, and
JAMES CROSS,**

                    **Respondents.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

      In 1997, petitioner Gabriel Buitron was convicted in Mexico of aggravated homicide; he was sentenced to imprisonment for 27 years, six months (330 months). Petitioner was transferred to the custody of the United States Bureau of Prisons to serve the remaining 312 months of his sentence, pursuant to the Treaty Between the United States of America and the United Mexican States on the Execution of Penal Sentences, Nov. 25, 1976, 28 U.S.T. 7399 (hereafter "the Treaty"), and its implementing legislation, the Transfer of Offenders to or from Foreign Countries Act, Pub.L.No. 95-144, 91 Stat. 1212 (codified at 10 U.S.C. § 955; 18 U.S.C. §§ 3244, 4100-4115). Buitron is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. He is now before the Court pursuant to 28 U.S.C. § 2241 contesting the Bureau of Prison's implementation of his term of supervised release vis-à-vis his good conduct credits.

More specifically, petitioner takes issue with the inclusion of a 60-month term of supervised release, which he contends effectively extends his sentence from 312 months to 372 months, thereby violating 18 U.S.C. § 4106A(b)(1)(C), which dictates, "[t]he combined periods of imprisonment and supervised release that result from such determination shall not exceed the term of imprisonment imposed by the foreign court on that offender."   Underlying this argument is the assertion that the term of supervised release denies petitioner the benefit of good conduct credits because as his sentence is shortened by good conduct credits, the period of supervised release fills in, until the combined total reaches the 312-month full term ceiling imposed under Section 4106A(b)(1)(C) and the terms of the Parole Commission's determination.   Petitioner describes the term of supervised release as an impermissible "indeterminate term" and "contingent remainder" (Doc. 1-2, p. 9).

This Section 2241 petition is before the Court for preliminary review.  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

As a general matter, Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to

challenge the validity of conviction and sentence. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir.2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  Similarly, 18 U.S.C. § 3244(3) provides that challenges to the "execution" of a foreign sentence pursuant to Section 4106A are actionable in the judicial district where the transferee is incarcerated.  The Bureau of Prison's calculation of good conduct credits is usually considered to be within the reach of Section 2241. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). However, as explained below, the unusual nature of a Section 4106A Parole Commission determination calls into question whether Section 2241 is the appropriate jurisdictional basis for this particular action.

## Analysis

Analysis of the Court's jurisdiction and the viability of the petition must begin with the procedural history of Petitioner's sentence, as this is the fourth attack Buitron has waged.

Pursuant to 18 U.S.C. § 4106A(b)(1), the Parole Commission determined petitioner's release date and term of supervised release, using the U.S. Sentencing Guidelines and the foreign sentence as a ceiling.  Under the Guidelines, the sentencing range was 97-121 months, to be followed by a 3-5 year term of supervised release.  However, an upward departure was deemed appropriate and the Commission concluded that petitioner should serve a full term of 312 months, and a 60-month term of supervised release that would actually be capped by the

Treaty provision that the combined terms of imprisonment and supervised release not exceed the full term 312-month foreign sentence (Doc. 1-1, pp. 11-15). The Commission's complete determination was rendered June 17, 2002 (Doc. 1-1, pp. 12, 15).

Buitron appealed the Commission's determination to the Court of Appeals for the Fifth Circuit in accord with Section 4106A(b)(2)(B), which dictates that the determination proceed as though it were a sentence. The Commission's upward departure was affirmed. *Buitron v. United States Parole Commission*, 73 Fed.Appx. 759 (5th Cir. 2003). None of the issues currently before the Court were presented in the direct appeal.

In 2004, Petitioner filed what was construed as a Section 2241 petition raising Sixth Amendment challenges to the Commission proceedings. The petition was dismissed due to lack of jurisdiction because the grounds for relief should have been brought in the direct appeal to the Fifth Circuit. *Buitron v. Veltri*, Case No. 04-cv-676-WDS (S.D. Ill., Doc. 13 Filed Sept. 6, 2005). No appeal was taken.

In 2006, Buitron filed another attack upon the validity of the sentence conversion, challenging a wide variety of perceived constitutional defects in the Commission's proceedings. Petitioner improperly invoked 28 U.S.C. § 451 as the jurisdictional basis for the petition. The Court perceived that Buitron was attempting to file a Section 2255 petition, and dismissed the petition for lack of

jurisdiction.  *Buitron v. Warden*, Case No. 06-cv-421-DRH (S.D. Ill., Doc. 3 filed July 6, 2006).  No appeal was taken.

Buitron now asserts that he is <u>not</u> attacking his sentence; rather, he is asserting a treaty violation relative to how the term of supervised release and good conduct credits are being imposed by the Bureau of Prisons.  He correctly recognizes that 28 U.S.C. § 2255 *cannot* be utilized to challenge a Parole Commission treaty determination, as the determination is not actually the sentence.  The Treaty precludes United States courts from reviewing the validity of the underlying foreign conviction or sentence.  *Kass v. Reno*, 83 F.3d 1186, 1191 (10th Cir. 1996).  *See also* 18 U.S.C. §§ 4601A(b)(1)(A), (2)(A); *Cafi v. United States Parole Commission*, 268 F.3d 467, 474 (7th Cir. 2001) (a defendant is not actually "sentenced" under Section 4106A).

According to Buitron, the Commission was "dilatory" in imposing the term of supervised release, and the Commission did not inform the appellate court or "the parties" of the 60-month term (Doc. 1, p. 4; Doc. 1-2, p. 4).  These assertions are clearly disproved by the documentation submitted by Petitioner (Doc. 1-2, pp. 11-15).  The term of imprisonment, the term of supervised release, how good conduct credits are to be applied, and the ceiling on the term of supervised release were all issued at the same time by the Commission.  Although it would have fallen to Buitron to bring the term of supervision to the attention of the appellate court, the appellate court would have had that information before it, as the Commission's determination was the subject of the appeal.  In any event,

Buitron does not otherwise explain why the issue was not raised on direct appeal or in one of his earlier collateral attacks.

Citing *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001), petitioner argues that Section 2241 affords jurisdiction over an alleged treaty violation. *Garza* involved a challenge to a death sentence premised upon the Charter of American States treaty. The appellate court agreed that Section 2255 was inapplicable and Section 2241 could be used to raise the treaty-based challenge, but the court distinguished between jurisdiction and substantive merit. Ultimately, no judicially cognizable right was found under the treaty and the petition failed.

Whether Buitron is attacking the Commission's determination or how that "sentence" is being executed by the Bureau of Prisons is debatable. The Fifth Circuit, which handled Buitron's direct appeal, views the calculation of the release date as part and parcel of the Commission's Section 4106A determination. *Cannon v. United States Dept. of Justice*, 973 F.2d 1190, 1195-96 (5th Cir. 1992). However, the Fourth, Ninth and Tenth Circuits view the release date as the Bureau of Prisons' prerogative. *Asare v. United States Parole Commission*, 2 F.3d 540 (4th Cir. 1993); *Ajala v. United States Parole Commission*, 997 F.2d 651, 655 (9th Cir. 1993); and *Trevina-Cesares v. United States Parole Commission*, 992 F.2d 1068, 1073 (10th Cir. 1993).

The Seventh Circuit has not specifically addressed this sort of jurisdictional tangle. However, this Court notes that in the direct appeal in *Cafi v. United States Parole Commission*, 268 F.3d 467, 474-75 (7th Cir. 2001), the

Commission's calculus included the same sort of flexible term of supervision and was upheld. Also, in *Cafi* the Seventh Circuit favorably cited the Fifth Circuit's decision in *Cannon*.

The Tenth Circuit faced an almost identical jurisdictional scenario in *Bennett v. United States Parole Commission*, 83 F.3d 324, 327-328 (10th Cir. 1996), and concluded that the Fifth Circuit law controlled, rather than it's own interpretation, and notions of *res judicata*/claim preclusion were determinative.

Although this Court finds the analysis in *Bennett* persuasive, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondents Holder and Cross will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondents shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the respondents from presenting other arguments in response to the petition.

Pursuant to Federal Rules of Civil Procedure 4(i)(1) and (2), the Clerk of Court is **DIRECTED** to: (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a the summons, the petition, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the petition, and this Memorandum and Order; and (3) send a copy of

the summons, the petition, and this Memorandum and Order by registered or certified mail to respondent Holder and respondent Cross.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

October 30, 2013.

David R. Herndon
2013.10.30
07:18:30 -05'00'

**Chief Judge**
**United States District Court**