IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GABRIEL BUITRON,

     Petitioner,

    v.

ERIC HOLDER and
JAMES CROSS,

     Respondents.                   Civil No. 13-0974-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Now before the Court is Buitron's motion for reconsideration (Doc. 25). Specifically, Buitron moves the Court to reconsider its February 10, 2014 order granting respondents' motion to dismiss and denying Buitron's habeas corpus petition (Doc. 23). Respondents oppose the motion (Doc. 26). Based on the following, the Court denies the motion.

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further

1

proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' " the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

    Buitron contends that the Court erred when it did not permit him to amend his petition and by re-characterizing his petition to one which the Court does not have subject matter jurisdiction. After reviewing the record again, the Court finds that Buitron neither presented newly discovered evidence nor identified a manifest error of law or fact. His motion merely takes umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. Buitron's arguments attacked the Transfer Treaty Determination's imposition of a term of supervised release following Buitron's incarceration. This is an issue which the Court lacks jurisdiction to address. In rendering this Order and the Memorandum and Order dismissing Buitron's habeas corpus petition,

the Court examined the evidence and case law submitted by the parties and remains convinced of the correctness of its position. The Memorandum and Order is clear and needs no clarification. Accordingly, the Court **DENIES** Buitron's motion for reconsideration (Doc. 25).

**IT IS SO ORDERED.**

**DATED: March 14, 2014**

Digitally signed by
David R. Herndon
Date: 2014.03.14
08:27:28 -05'00'

**Chief Judge**
**United States District Court**